IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE PITSILIDES, : | |
|     Plaintiff, : | |
| : | Complaint – Civil Rights |
| vs. : | |
| : | |
| WILLIAM P. BARR, : | Case No. |
| Attorney General of the : | |
| United States; and : | |
| : | |
| THOMAS E. BRANDON, : | |
| Acting Director, Bureau of Alcohol, : | |
| Tobacco, Firearms, and Explosives, : | |
| : | |
| CHRISTOPHER A. WRAY, : | |
| Director of the Federal Bureau of : | |
| Investigation, : | |
| : | |
| UNITED STATES OF : | |
| AMERICA, : | |
|     Defendants : | |

## COMPLAINT

COMES NOW, Plaintiff, George Pitsilides, by and through his attorneys of record, Michael Antonio Giaramita, Jr., Esq. of Giaramita Law Offices, P.C. and brings this action against Defendants, WILLIAM P. BARR, Attorney General of the United States and THOMAS E. BRANDON, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigation, who brings this action for violations of his rights protected by federal law and the Constitution of the United States of America.

1

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, George Pitsilides, is an adult individual, and a natural person who is a citizen of Virginia and of the United States. He presently resides in Virginia Beach County. At present, Mr. Pitsilides wishes and intends to purchase and possess a handgun and long gun for the purpose of self-defense within his own home. Solely because of Defendants' active enforcement of the unconstitutional policies challenged in this matter, Mr. Pitsilides is precluded from doing so.

2. Defendant, WILLIAM P. BARR, is the Attorney General of the United States and is sued in that capacity. As Attorney General of the United States, Barr is the final policymaker and has final decision-making authority over the unconstitutional policies alleged herein. Furthermore, Barr is responsible for executing and administering laws, customs, practices and policies for the United States, and is presently enforcing the laws, customs, practices and policies challenged and complained of in this matter.

3. Defendant, THOMAS E. BRANDON, is the Acting Director and Head of the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter, referred to as "BATFE"), and is sued in that capacity. As Deputy Director and Head of BATFE, Brandon has final decision-making authority over the unconstitutional policies alleged herein. Furthermore, Brandon is responsible for executing and administering laws, customs, practices and policies for the United States, and is presently enforcing the laws, customs, practices and policies challenged and complained of in this matter.

4. Defendant, CHRISTOPHER A. WRAY, is the Director of the Federal Bureau of Investigation (hereinafter, referred to as "FBI"), and is sued in that capacity.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.S. § 1331 as it is a civil action arising under the Constitution of the United States, and the laws or treaties of the United States. This Court further has subject matter jurisdiction under 28 U.S.C. § § 1343, 1346, 2201 and 2202.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) as the Defendants are officers or employees of the United States or any agency thereof acting in their official capacity or under color of legal authority, or an agency of the United States. Moreover, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Court's judicial district.

## STATEMENT OF FACTS

7. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

8. Mr. George Pitsilides is over twenty-one years of age, is not a fugitive from justice as defined under 18 U.S.S. § 921(a)(15), is neither an unlawful user of, nor addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), has not been adjudicated a mental defective or committed to a mental institution, is not an alien, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his United States citizenship, and has never been the subject of a restraining order relating to an intimate partner as defined in 18 U.S.C. § 922(g)(8) and 18 U.S.C. § 921 (a)(32), and has never been convicted in any court of a felony or misdemeanor of domestic violence as defined in 18 U.S.C. § 921(a)(33) and 18 U.S.C. 922(g)(9).

9. On August 19, 1998, Mr. Pitsilides pleaded *nolo contendere* in the Court of Common Pleas of Schuylkill County to one count of Criminal Conspiracy to Pool Selling and Bookmaking under 18 Pa.C.S. § 903 and 18 Pa.C.S. § 5514-1, and two (2) counts of Pool Selling and Bookmaking

under 18 Pa.C.S. § 5514-3. The offenses allegedly occurred on September 21, 1995, September 30, 1995, and October 1, 1995, respectively.

10. The offenses are each graded as a misdemeanor of the first degree.

11. Under Pennsylvania law, a misdemeanor of the first degree is punishable by a maximum sentence of five (5) years imprisonment, although there is no mandatory minimum sentence. 18 Pa.C.S. §§ 106(b)(6) and 1104(1).

12. Against his better judgment, Mr. Pitsilides had engaged in unlawful sports betting and bookmaking for a period of time. The Commonwealth prosecuted Mr. Pitsilides for his role in taking said unlawful bets. Under the statute, it is unlawful to receive, record, register, forward, or purport to forward, to another, any bet or wager upon any contest of any nature. *See* 18 Pa.C.S. § 5114(3).

13. Mr. Pitsilides pleaded *nolo contendere* and was sentenced to two (2) years of unsupervised probation, which successfully completed.

14. According to the Sentencing Order, Mr. Pitsilides was also required to pay fines in the amount of $30,000 ($10,000 per count), $21,483 in costs to the Office of the Attorney General for a Grand Jury Investigation, and $448,500 to the Pennsylvania State Police for the costs of prosecution. Mr. Pitsilides' docket sheet simply identifies the $448,500 as "restitution."

15. Faithfully making installment payments, Mr. Pitsilides completed the payment of his costs, fines and restitution on or before February 23, 2000.

16. Mr. Pitsilides pleaded guilty to two (2) misdemeanors for unlawful gambling in Virginia in 2013. The charges arose from a weekly poker game held in Virginia Beach, alleged to have taken place in 2011. These convictions do not impact Mr. Pitsilides' rights to own and possess firearms, and are not in question in this matter.

17. Mr. Pitsilides describes the incidents as a lapse in judgment, and acknowledges that his conduct was wrong. Since his conviction, Mr. Pitsilides has become a successful businessman, operating a popular restaurant chain.

18. Mr. Pitsilides' Pennsylvania convictions prohibit him from owning and possessing firearms under 18 U.S.C. 922(g)(1), as it is a "crime punishable by imprisonment for a term exceeding one year" as defined in 18 U.S.C. § 921(a)(20). This prohibition exists despite the fact that Mr. Pitsilides never served any time in prison, and the prohibition does not expire with any passage of time.

19. Mr. Pitsilides' convictions are not for offenses specifically enumerated in 18 Pa.C.S. § 6105, which refers to "Persons not to possess, use, manufacture, control, sell or transfer firearms."

20. Upon advice of Virginia counsel, Mr. Pitsilides' convictions do not prohibit him from possessing firearms under Virginia law.

21. Under 18 U.S.C. 922(g), a person is prohibited from possessing firearms if they have been convicted of a "crime punishable by imprisonment for a term exceeding one year" as defined in 18 U.S.C. § 921(a)(20).

22. As defined in 18 U.S.C. § 921(a)(20):

> The term "crime punishable by imprisonment for a term exceeding one year" does not include—
>
> (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices,

or

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

23. Defendants have taken the position that the law cited prohibits possession of a firearm for any individual who has been convicted of a misdemeanor if the maximum possible sentence exceeds two years, regardless of the nature of the crime, the amount of time served in prison, if any, or whether there are applicable mandatory minimum sentences. This includes convictions for crimes such as Conspiracy to Commit Pool Selling and Bookmaking, and Pool Selling and Bookmaking under 18 Pa.C.S. § 903 and 18 Pa.C.S. § 5514-1, respectively.

24. Violation of this prohibition constitutes a felony criminal offense punishable by imprisonment of up to ten (10) years. *See* 18 U.S.C. 924(a)(2).

25. Under 18 U.S.C. § 922(d), it is unlawful to "sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . ." (as defined in 18 Pa.C.S. § 921(a)(20). Violation of this prohibition is a felony criminal offense punishable by imprisonment of up to ten (10) years. *See* 18 U.S.C. § 924(a)(2).

26. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I — Over-the-Counter,: administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124.

27. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

28. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers "yes" to this question, and simply to deny the transaction on the basis of that answer:

> If a prospective purchaser answered "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the NICS because the subject is prohibited from purchasing.

BATFE FFL Newsletter, May, 2001, Issue I, at 14, available at http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf (last visited December 13, 2018).

> If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received a "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

BATF FFL Newsletter, September 1999, Issue II, at 2, available at http://atf.gov/files/publications/newsletters/ffl/ffl-newsletter-1999-09.pdf (last visited November 11, 2013).

29. Mr. Pitsilides desires and intends to possess firearms for self-defense and defense of his family and home.

30. Due to his misdemeanor conviction, Mr. Pitsilides is prohibited by Defendants from following through with his intent to obtain a firearm, based on Defendants' interpretation and enforcement of 18 U.S.C. §§ 921 (a)(20)(B) and 922(g)(1).

7

31. Mr. Pitsilides refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

32. Mr. Pitsilides refrains from purchasing a firearm from a private party, because doing so would subject him to arrest, prosecution, fine, and incarceration at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).

33. Considering Defendants' interpretation of federal law, Mr. Pitsilides is unwilling to state on Form 4473 that he has not, in fact, been convicted of a crime punishable by imprisonment for over one year. But should Binderup answer, on Form 4473, that he has been convicted of a crime punishable by imprisonment for over one year, any federal firearms licensee who follows Defendants' directives would refuse to sell Mr. Pitsilides a firearm on account of the fact that Mr. Pitsilides is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1). Thus, Mr. Pitsilides suffers the on-going harm of being unable to obtain firearms from licensed federal firearms dealers, which Mr. Pitsilides would, in fact, obtain but for the enforcement of 18 U.S.C. § 921(g)(1).

34. In 2018, Mr. Pitsilides approached a federal firearms licensee, expressed his desire to purchase a firearm, and inquired as to whether it was possible for him to purchase a firearm considering the fact that he had been convicted of a crime that the deferral government would assert is punishable by imprisonment over one year. The dealer confirmed that Mr. Pitsilides could not purchase a firearm.

COUNT ONE
INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
RIGHT TO KEEP AND BEAR ARMS, U.S. CONST. AMEND. II

35. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

36. Mr. Pitsilides has no history of violent behavior, or of any other conduct that would suggest he would pose any more of a danger by possessing firearms than an average, law-abiding responsible citizen. Mr. Pitsilides is unlikely to at in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

37. Mr. Pitsilides' bookmaking-related convictions were classified as misdemeanors, and were not serious enough to strip him of his Second Amendment rights.

38. Mr. Pitsilides' bookmaking-related convictions did not involve dangerous conduct.

39. Mr. Pitsilides' bookmaking-related convictions did not include "violent criminal conduct" as they did not include an element of violence (actual or attempted) as an element of the offense.

40. Mr. Pitsilides received a minor sentence which included unsupervised probation for two years. The sentence did not include a single day of jail time, and did not even include mandatory reporting or supervision.

41. Although Mr. Pitsilides was ordered to pay costs, fines and restitution in the amount of $500,134.50 the total stemmed from the amount involved in the activities and the amount required for a police investigation over a period of time. The amount does not reflect the seriousness of the conduct, or a serious punishment.

42. On the contrary, Mr. Pitsilides' conviction is comparable to those crimes specifically *exempt* from the federal prohibition, which include "Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses related to the regulation of business practices."

43. Furthermore, there is no cross-jurisdictional consensus regarding the seriousness of Mr. Pitsilides' bookmaking-related convictions. Many states classify bookmaking-related offenses as misdemeanors with a maximum sentence of one year in prison, which would not be prohibiting under 18 U.S.C. § 922(g).

44. Accordingly, Mr. Pitsilides' circumstances vary from those of persons historically excluded from the right to arms.

45. Mr. Pitsilides may not apply for relief under 18 U.S.C. §§ 925(c) because that provision has been unfunded for several years.

46. Under Pennsylvania law, Mr. Pitsilides will not be eligible for expungement of his record as it is until he is 70 years of age or has been dead for three years.

47. Defendants have no important interest in prohibiting Mr. Pitsilides until he is 70 years of age.

48. The only alternative for Mr. Pitsilides to restore his rights would be to apply for a Governor's pardon, the granting of which is entirely discretionary.

49. Due to Mr. Pitsilides' unique personal circumstances, including but not limited to the nature of his misdemeanor convictions, the passage of time since those convictions, the absence of violent history, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Mr. Pitsilides personally the firearms prohibition of 18 U.S.C. § 922(g)(1) based upon his 1998 misdemeanor convictions for Criminal Conspiracy to Pool Selling and Bookmaking under 18 Pa.C.S. § 903 and 18 Pa.C.S. § 5514 and Pool Selling and Bookmaking under 18 Pa.C.S. § 5514-3.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in his favor, and against Defendants, as follows:

a) A declaration that 18 U.S.C. § 921(g)(1) cannot be applied against Mr. George Pitsilides based upon his 1998 misdemeanor convictions for Criminal Conspiracy to Pool Selling and Bookmaking under 18 Pa.C.S. § 903 and 18 Pa.C.S. § 5514 and Pool Selling and Bookmaking under 18 Pa.C.S. § 5514-3;

b) A declaration that application of 18 U.S.C. § 922(g)(1) against Mr. George Pitsilides based upon his1998 misdemeanor convictions for Criminal Conspiracy to Pool Selling and Bookmaking under 18 Pa.C.S. § 903 and 18 Pa.C.S. § 5514 and Pool Selling and Bookmaking under 18 Pa.C.S. § 5514-3 violates the Second Amendment to the United States Constitution;

c) An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Mr. George Pitsilides based upon his 1998 misdemeanor convictions for Criminal Conspiracy to Pool Selling and Bookmaking under 18 Pa.C.S. § 903 and 18 Pa.C.S. § 5514 and Pool Selling and Bookmaking under 18 Pa.C.S. § 5514-3;

d) Costs of suit;

e) Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

f) Any other further relief as the Court deems just and equitable.

Dated: 11/04/2019                    Respectfully submitted,
                                     GIARAMITA LAW OFFICES, P.C.
                                     J. MICHAEL MCCORMICK


                                     <u>/s/ Michael Antonio Giaramita Jr.</u>
                                     PA 319299
                                     GIARAMITA LAW OFFICES, P.C.
                                     101 West Chester Pike, Suite 1A
                                     Havertown, PA 19083
                                     T: (484) 558-0076
                                     F: (484) 202-6332
                                     E: MIKE@GLAWPA.COM

12